UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Board of Trustees of the I.A.T.S.E. Annuity Fund, the I.A.T.S.E. National Health and Welfare Fund, et al.,

                Plaintiffs,

-against-

Ironman Productions, Inc., et al.,

                Defendants.

22-CV-10900 (JSR)

ORDER GRANTING REQUEST FOR PRO BONO COUNSEL

---

JED S. RAKOFF, United States District Judge:

    Defendants have filed an Application for the Court to Request Pro Bono Counsel. For the following reasons, Defendants' application is granted, and the Clerk of Court is directed to attempt to locate pro bono counsel to represent Defendants for all purposes.

    The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.*

    Plaintiffs filed this case on December 27, 2022, seeking employee benefit plan contributions, interest, and liquidated damages; they also seek to compel Defendant employers, Ironman Production, Inc. and Lonesome Producer, LLC (collectively, "Defendants"), to submit to an audit of their books and records pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). On March 7, 2023, Defendants filed an Application for the Court to Request Pro Bono Counsel. (ECF No. 25.) Defendants assert that their previous attorney is not qualified to practice law in New York and, in any event, that they do not have the funds to pay for an

attorney. Currently, there are two outstanding motions: Plaintiffs have filed a Motion for Default Judgment (ECF No. 19) and Defendants have filed a Notice of Motion to Dismiss (ECF No. 23). The Court finds that representation for Defendants would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61. Accordingly, the Clerk of Court is directed to locate counsel to provide full scope pro bono representation to both Defendants.

## CONCLUSION

Defendants' Application for the Court to Request Counsel is granted. The Court advises Defendants that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Defendants. When an attorney decides to take the case, the attorney will contact Defendants directly.

SO ORDERED.

Dated: April 5, 2023
       New York, New York

                                                    _____
                                                         JED S. RAKOFF
                                                    United States District Judge